Judge Roane
pronounced th© following opinion of this Court.
“ It appearing that the question propounded to the Court below, for its opinion and instruction, was a mere abstract question,† on which the said Court was not bound to give an opinion ; and it not appearing that the instruction actually given by the said Court produced, or could have produced, any injury to the appellant ,• this Court, without considering the rectitude of that instruction, (for the reason aforesaid,) affirms the judgment of the Superior Court,
*197 Wednesday, April 8th, for reasons appearing to the Court, it was ordered that the judgment entered in this cause on. the 28th day of March last, be set aside.
Tuesday, February 16th, 1813, Judge Roane delivered the following opinion of the Court.
“The Court is of opinion that, although the acknowledgment of & debt by one or more of the partners of a mercantile firm, after the dissolution thereof, is competent to do away the bar of the act of limitations, in an action brought against the firm ; the existence of the debt being first proved by other testimony, or admitted by the pleaduigs ; yet that such acknowledgment is not proper evidence of the existence of the debt, so as to charge the other partners ; and that the said judgment is erroneous. It is therefore reversed with costs : and it is ordered that the jury’s verdict be set aside, and the cause remanded to the Superior Court for a new trial to be had therein ; on which trial, if requested, an instruction shall be gives* conforming to the principle above declared»”

 Note. See Buster's Executor v. Wallace, 4 H. & M. 82. pl. 4. But the instruction requested in this ease, did not appear to have been upon l\ mere abstract question; for the Court below refused to give the instruction^ not on the ground that tbe question propounded was merely abstract, or did not apply to the case, hut “ because that Court was of opinion, that such, 80” Icnowiedgment ioas evidence, in such action.”